NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN MORENO-RUIZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70824

Agency No. A028-486-148

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Martin Moreno-Ruiz, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision deeming his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

----

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abandoned. Our jurisdiction is governed by 8 U.S.C. § 1252. We review an agency decision to deem an application abandoned for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in deeming Moreno-Ruiz's application abandoned where he failed to submit a timely, complete, and unaltered application and failed to comply with the biometrics requirement. *See* 8 C.F.R. § 1208.3(c)(3) (an application that does not include a response to each question is incomplete); 8 C.F.R. § 1003.31(c) (IJ may set time limits and deem an application waived where time limit is not met); 8 C.F.R. § 1003.47(c)-(d) (IJ may deem an application waived for failure to timely comply with biometrics requirement).

The BIA did not err by not addressing Moreno-Ruiz's request to assign his case to a different IJ if remanded, where the BIA affirmed the IJ's decision. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We lack jurisdiction to consider Moreno-Ruiz's due process claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent Moreno-Ruiz

19-70824

challenges the BIA's March 2008 and February 2019 orders, we lack jurisdiction to consider his arguments because Moreno-Ruiz failed to file timely petitions for review as to those orders. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

All pending motions are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**